# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

JOHN PATRICK UNIVERSITY OF HEALTH AND APPLIED SCIENCE, INC.

      *Plaintiff*

vs.

CHARLES BURNS, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE NEW YORK STATE DEPARTMENT OF HEALTH, BUREAU OF ENVIRONMENTAL RADIATION PROTECTION, RADIOACTIVE MATERIALS SECTION; TREVOR THAYER IN HIS OFFICIAL CAPACITY AS HEAD OF THE NEW YORK STATE DEPARTMENT OF HEALTH, RADIATION EQUIPMENT AND RADIOLOGIC TECHNOLOGY SECTION; RYAN DEOLDE, IN HIS OFFICIAL CAPACITY AS SUPERVISOR OF THE PROFESSIONAL EDUCATION PROGRAM REVIEW OF THE NEW YORK STATE EDUCATION DEPARTMENT; MEI ZHOU, IN HER OFFICIAL CAPACITY AS PROFESSIONAL EDUCATION DIRECTOR IN THE OFFICE OF THE PROFESSIONS OF THE NEW YORK STATE EDUCATION DEPARTMENT

      *Defendants*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT FOR INJUNCTIVE RELIEF**

**CIVIL ACTION NO. _____**

## COMPLAINT

Plaintiff, John Patrick University of Health and Applied Science, Inc. ("JPU" or "Plaintiff" or the "University") brings this action against Charles Burns ("Burns"), in his official capacity as Director of the New York State Department of Health, Bureau of Environmental Radiation Protection, Radioactive Materials Section; Trevor Thayer ("Thayer") in his official capacity as head of the New York State Department of Health, Radiation Equipment and Radiologic Technology Section; Ryan DeOlde ("DeOlde"), in his official capacity as Supervisor of the Professional Education Program Review of the New York State Education Department; and Mei Zhou ("Zhou"), in her official capacity as Professional Education Director in the Office of the New York State Education Department. Plaintiff's claims arise out of Defendants' actions in notifying JPU that they, the New York State Department of Health ("NYDOH"), and the New York State Education Department ("NYSED") would no longer accept training certifications issued by JPU because JPU is not accredited by the Joint Commission on Accreditation of Joint Review Committee on Education in Radiologic Technology ("JCERT"), without any notice to JPU or JPU's opportunity to be heard. Defendants have violated JPU's constitutional rights and 42 U.S.C. § 1983, and JPU seeks Plaintiffs seek injunctive relief.

## INTRODUCTION

1.      JPU is an Indiana-based institution of higher education that offers a Radiologic Technology ("RT") program to students in multiple states. It is an online distance education program with a clinical placement component. JPU's RT program is accredited by Accrediting Commission of Career Schools and Colleges ("ACCSC"), which

is an accrediting agency accepted by both the United States Department of Education and approved by the American Registry of Radiologic Technologists ("ARRT"). JPU began enrolling New York residents into its RT program for its 2021 Spring semester. In this 2021-2025 time period, NYDOH has issued licenses to 79 of JPU's RT graduates. During this time period, JPU's RT program has never been accredited by JRCERT and NYDOH, NYED, and Defendants previously have never required that it be.

2.      On June 10, 2025, Defendants, acting in their official capacities with the NYDOH and NYSED, changed the accreditation rules without giving JPU any prior notice or opportunity to be heard. Defendants are now, so it has told JPU, imposing a requirement that an institution's RT program must be exclusively accredited by the Joint Review Committee on Education in Radiologic Technology ("JRCERT"). Such a requirement conflicts with JPU's SARA membership, as set forth in more detail below. Defendants are barring JPU from placing clinical students in the state and barring JPU students, many of whom live in New York and expected to practice in New York, from becoming licensed Radiologic Technologists.

3.      Defendants together made the decision that NYDOH would no longer accept training certifications issued by JPU at this time, as set forth in more detail below.

4.      As a result of Defendants' actions, JPU will lose current and prospective students, other universities accredited by JRCERT will immediately attempt to poach JPU's current and prospective students, other universities accredited by JRCERT will immediately attempt to poach JPU's faculty, the value of JPU's RT degrees will be adversely impacted, JPU's reputation will be adversely affected by suggesting to third

parties that JPU provides a poor education even though its RT program is accredited, and JPU's enrollment will decrease such that JPU's resources will be limited.

5.      The University seeks an order from this Court enjoining Defendants, and anyone acting with them or on their behalf, from refusing to accept training certifications from JPU, from barring JPU from placing clinical students in the state, from prohibiting JPU students from doing their clinical rotations in New York health care facilities, and from barring JPU students from becoming licensed Radiologic Technologists in New York on the basis that JPU is not JRCERT accredited.

Plaintiff further alleges as follows:

## PARTIES

1.      Plaintiff John Patrick University of Health and Applied Science, Inc. is an privately-owned, Indiana-based institution of higher education that offers a program in Radiologic Technology. The University's headquarters are located in South Bend, Indiana.

2.      Charles Burns is New York state resident and the Director of the New York State Department of Health, Bureau of Environmental Radiation Protection, Radioactive Materials Section. He wrote and signed the June 10, 2025 Letter described in more detail below, in which he stated that his office in the Department of Health "oversees Radiologic Technician education programs administered through hospital facilities within New York." In the June 10, 2025 Letter, Burns stated Defendants' position that Defendants and NYDOH would not accept any JPU training certifications at this time.

3.      Trevor Thayer is a New York state resident and is the head of the New York State Department of Health, Radiation Equipment and Radiologic Technology Section. He

attended the May 15, 2025 meeting described below, and restated Defendants' position that Defendants and NYDOH would not accept any JPU training certifications at this time.

4.      Ryan DeOlde is a New York resident and Supervisor of the Professional Education Program Review of the New York State Education Department.  DeOlde wrote the April 9, 2025 email below, stating that his office "is responsible for the review of and approval of education programs that lead to professional licensure in New York State." In that email, he delivered his decision that office and that of the other Defendants, without any notice to JPU or opportunity to be heard, had determined that it would no longer accept training certifications from JPU, and that all "out-of-state" institutions with RT programs had to be JRCERT-accredited.

5.      Mei Zhou is a New York resident and is Professional Education Director in the Office of Professions in the New York State Education Department. She attended the May 15, 2025 meeting described below, and restated Defendants' position that Defendants and NYDOH would not accept any JPU training certifications at this time.   She further made references to "illegal activity" during the May 15, 2025 meeting, which upon information and belief, was part of her decision-making.   Upon information and belief, Mei Zhou's influence affected Charles Burns's and Trevor Thayer's decision to not accept JPU certifications.

6.      Defendants Burns, Thayer, DeOlde, and Zhou made the decision that NYDOH, with the support of NYSED, would no longer accept training certifications from JPU at this time because it is not JRCERT-accredited.

<u>**JURISDICTION AND VENUE**</u>

7.      This court has subject matter jurisdiction because the action arises under 42 U.S.C. §1983 and, separately, alleges violations of the United States Constitution. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 1343 because it is a case arising under federal law.

8.      This Court is authorized to issue the injunctive relief sought herein pursuant to 42 U.S.C. §1983 or, in the alternative, pursuant to its powers as a court of equity to declare Defendants actions *ultra vires* and enjoin them.

9.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims made herein occurred in this judicial district. In particular, *inter alia*, Defendants' April 9, 2025 email and June 10, 2025 Letter, both of which were addressed to JPU's principal place of business, an address in South Bend, Indiana, and sent to persons located in Indiana, stated Defendants' shocking decision to suddenly cease accepting JPU training certifications, and form an integral part of the basis of the claims in this case.

<u>**FACTUAL BACKGROUND**</u>

**A. JPU's Accreditation and NC-SARA Membership.**

10.     Brent D. Murphy, a veteran of the United States Army and Diplomate for the American Board of Radiology, founded JPU in 2009. JPU operates four schools: the School of Physics and Radiological Sciences, at issue here (the "RT Program" or the "Radiologic Technologist program"); the School of Medical Imaging Sciences; the School of Business and Informatics; and the School of Integrative and Functional Medicine. The

University's programs use either a hybrid learning environment of in-person instruction and distance learning or 100% distance learning, depending on the program.

11.     The University is accredited by the Accrediting Commission of Career Schools and Colleges ("ACCSC"), which is an accrediting agency both recognized by the U.S. Department of Education and approved by the American Registry of Radiologic Technologists ("ARRT").

12.     The University also operates as a participating institution within the National Council for State Authorization Reciprocity Agreements ("SARA").

13.     SARA is a nationally recognized initiative that establishes uniform standards for distance education across state lines.

14.     SARA allows participating institutions to offer distance education courses and programs in SARA-participating states without seeking express state authorization, provided that the institution complies with SARA's requirements.

15.     New York joined SARA in 2016. *See generally* Education Law § 210-c; 8 NYCRR Part 49.

16.     Because New York is a member of SARA and JPU is a participating institution in SARA, the New York Education Department does not require JPU to otherwise seek approval from the New York Education Department. *See* 8 NYCRR § 49-2.1(b).  Further, NYDOH's website specifically states: "Out-of-State institutions that are

participating in SARA are considered approved to offer distance education under the terms of SARA."[1]

**B. JPU Begins to Offer Its Radiologic Technology Program to Students in the State**

17.    JPU began offering the RT Program to students in New York for the 2021 Spring semester.  The RT Program is an online distance education program, however, there is a clinical placement component.

18.    To facilitate the clinical placements, JPU entered into Clinical Placement Agreements ("Agreement(s)") with the various medical providers who host JPU's students at their facility ("clinical location(s)").  New York law allows for such Agreements, and states that "[a] registered school of radiologic technology may be operated by a . . . educational institution, and for the purpose of providing the requisite clinical experience shall be affiliated with one or more general hospitals approved by the department or the department of education."  NY Pub Health § 3508.

19.    According to each of those Agreements, the hosting clinical location is responsible for ensuring that JPU students are directly supervised by licensed practitioners while engage in patient care at the clinical location.

---

[1] *See* New York State Department Website, Distance Education Approval, https://www.nysed.gov/college-university-evaluation/distance-education-approval (last visited June 23, 2025).  A court "may take judicial notice of public record information obtained from an official government website." Ambrosetti v. Oregon Cath. Press, 458 F. Supp. 3d 1013, 1017 n. 1 (N.D. Ind. 2020).https://www.nysed.gov/college-university-evaluation/distance-education-approval (last visited June 23, 2025).

20. For example, the Agreement between JPU and New York-Presbyterian Hospital states, "The Hospital personnel will provide on-site clinical supervision of the Program Participants." *See* Exhibit 1, Clinical Agreement Excerpts.

21. The University's Agreement with Mount Sinai Health System states, in relevant part, "Students assigned to Mount Sinai shall be supervised by staff members at Mount Sinai while at Mount Sinai." *Id.*

22. The Agreement between the University and Northwell Health, Inc. includes the following, "Any direct patient care, clinical services or other Program activities performed by Participants while at Northwell shall at all times be under the supervision of designated Faculty or in the presence of authorized Northwell personnel." *Id.*

23. All of the University's Agreements include similar provisions requiring direct supervision by licensed professionals.

24. After completing their courses and clinical placements, RT program graduates are eligible to take the American Registry of Radiology Technologists ("ARRT") examination, which is required for New York State Radiologic Technologist Licensure.

**C. New York State Licensure**

25. NYDOH's website provides the instructions for completing the Application for New York State Radiologic Technician Licensure. *See* DOH-372: NYS Radiologic

Technologist Licensure Application, https://www.health.ny.gov/forms/doh-372.pdf, (Last accessed June 23, 2025).[2]

26.    The Application includes a section titled "Education," which asks "Have you successfully completed an accredited course of study in Radiologic Technology?"

27.    The Application never mentions JRCERT accreditation or states that JRCERT accreditation is exclusively required to become licensed in the State of New York.

28.    Since the University began offering its RT program to New York-based students in 2021, the NYDOH has issued licenses to 79 of the University's graduates. Most recently, one of the University's students received his Radiologic Technician license from the Health Department dated May 28, 2025.

**D. The April 9, 2025 Email**

29.    On April 9, 2025, the University (specifically, Michael Dubanewicz, who is the President of JPU and resides in Kosciusko County, Indiana) received the below email in South Bend, Indiana from Ryan DeOlde, a Supervisor at the Professional Education Program Review within the Division of Professional Education of the Education Department:

---

[2] *Ambrosetti*, 458 F. Supp. 3d at 1017 n. 1 (holding a court "may take judicial notice of public record information obtained from an official government website.")

Dr. Dubanewicz –

My office is responsible for the review and approval of education programs that lead to professional licensure in New York State. It was brought to my attention by colleagues at the New York State Department of Health that John Patrick University is placing radiologic technology students at clinical settings in New York State. In addition, we have also noted that the University is advertising offering the program, including in-person coursework and clinical experiences, in New York: https://jpu.edu/jpu-program-as-in-radiologic-technology-now-in-staten-island/

Only programs authorized by the New York State Education Department or the New York State Department of Health, or out-of-state programs that hold JRCERT accreditation, may place students at clinical settings located in New York State.

Only out-of-state institutions that have applied for and received permission to operate may offer physical classes in New York State. John Patrick University has not received permission to operate for the radiologic technology program and may not offer physical courses in New York State. An out-of-state radiologic technology program that does not hold JRCERT accreditation would not be eligible for permission to operate: https://www.nysed.gov/college-university-evaluation/physical-presence-approval

John Patrick University needs to stop enrolling students to be placed in clinical settings or complete coursework in New York State. The University should find alternative ways for the currently enrolled students to complete their studies.

Please let me know if you have any questions.

Ryan deOlde
Supervisor, Professional Education Program Review

## E. May 15, 2025 Meeting

30.     On May 15, 2025, the University met with Ryan DeOlde and Mei Zhou from NYSED and Trevor Thayer from NYDOH. The University tried to clarify (1) that it is approved by the SARA and does not have a physical presence in the State that triggers regulation by New York and 2) that it is accredited by the Accrediting Commission of Career Schools and Colleges. The University followed up with Trevor Thayer to request a meeting to further discuss the University's accreditation, information about the University, and student data, but no meeting was ever arranged. *See* Exhibit 3, Dubanewicz/Thayer May 2025 email correspondence.

**F. The June 10, 2025 Letter**

31.    On June 10, the University (specifically, Michael Dubanewicz) received the below letter in South Bend, Indiana from Charles J. Burns, Director of the Bureau of Environmental Radiation Protection at the Department (the "June 10 Letter"):

Dear Dr. Dubanewicz,

The New York State Department of Health (Department) oversees Radiologic Technician education programs administered through hospital facilities within New York State.

Students enrolled in such programs are permitted by law apply radiation to a human being under the direct supervision of a New York-licensed radiologic technologist, per the requirements in Public Health Law § 3515(4)(a). Likewise, the regulations found at 10 NYCRR 89.3-89.5 describe the requirements for Radiological Technician schools and students enrolled in such schools. These provisions stipulate that the Department will only accept training certifications from accredited programs, and only accreditation from the Joint Commission on Accreditation of Joint Review Committee on Education in Radiologic Technology (JCERT) is being accepted at this time.

It has come to our attention that the training program being operated by John Patrick University is not JCERT-accredited, and furthermore that students in the program are not being directly supervised by New York-licensed radiologic technologist. As the Department has no legal basis on which to grant exemptions from these requirements, be advised that we cannot accept training certifications issued by your program at this time.

Additionally, the Department's legal counsel has advised us that any solicitation or enrollment of students based on an express or implied promise of qualification for New York State licensure represents a violation of Public Health Law § 3508. In the event John Patrick University is found to be offering a course of study in radiologic technology without compliant accreditation and subsequent compliance with student supervision requirements, the Department will be compelled to pursue administrative penalties against your institution pursuant to Public Health Law § 12.

The June 10, 2025 letter continued:

Please feel free to contact me if you have any questions at (518) 402-7590, berp@health.ny.gov, or:

> New York State Department of Health
> Bureau of Environmental Radiation Protection
> Radioactive Materials Section
> ESP, Corning Tower – Room 1245
> Albany, New York 12237

Sincerely,

Charles J. Burns
Director

Cc:    Ryan deOlde, NYSED

## G. The Aftermath

32.    In response, the University tried to set up a meeting to discuss the June 10 letter.

33.    Director Burns responded:

Good afternoon,

Your email was forwarded to me, thank you for your response.

The conditions for exemption for a person to apply ionizing radiation to humans were never satisfied in accordance with public health law, so the students and the facilities that hosted these students were and possibly still are in violation of public health law.  We cannot issue any type of variance to public health law and as such we cannot issue a license or registration to students that were enrolled in an unapproved training program that does not have the required accreditation.

We are available to speak but need to know if you will have lawyers present then we will need have our attorneys available as well.

Let me know.

Sincerely,

Charles J. Burns, Director
Bureau of Environmental Radiation Protection
New York State Department of Health
Corning Tower Room 1237
Empire State Plaza
Albany, New York 12237
(518) 402-7550

- 13 -

34.     Accordingly, the University stopped enrolling Radiology Technologist and Nuclear Medicine program students, which both, appear fall under Charles Burns' purview in his capacity at NYDOH's Bureau of Environmental Radiation Protection.

35.     Clinical affiliates have informed the University that they will no longer allow clinical placements to occur at their clinical locations in response to Defendants' and NYDOH's determination.

36.     Clinical affiliates have informed the University's graduates who have not yet been licensed by New York that their job offers are revoked.

37.     The University has received requests from students to withdraw from programs and has refunded certain students.

### H. Other Non-JRCERT Schools Are Being Treated Differently.

38.     NYDOH continues to list other non-JRCERT-accredited programs on its NYS Schools of Radiologic Technology website, which is intended for prospective licensees.[3]  Among the programs listed are North County Community College, Nassau Community College, Northeast College of Health Sciences, and LaGuardia Community College, none of which hold JRCERT accreditation (collectively, the "Other Schools") according to their websites.  Upon information and belief, there are additional Other Schools.

### COUNT ONE

---

[3] *See* NYDOH website, New York State Schools of Radiologic Technology, https://www.health.ny.gov/professionals/doctors/radiological/schlist2.htm (last accessed June 23, 2025). See *Ambrosetti*, 458 F. Supp. 3d at 1017 n. 1 (holding a court "may take judicial notice of public record information obtained from an official government website.")

<u>**Fourteenth Amendment Due Process violation/42 U.S.C. §1983**</u>

39.    Plaintiff incorporates the preceding paragraphs as if they were fully set forth herein.

40.    "Section 1983 is a vehicle for individuals to enforce 'any right . . . secured' by federal law." *Citizens' Coalition for Children v. Poole*, 922 F. 3d 69, 76 (2nd Cir. 2019). That includes rights secured by the United States Constitution.

41.    Defendants have acted under the color of New York state law to deprive JPU of its rights and privileges under the United States Constitution, and specifically, the substantive and procedural protections of the due process clause of the Fourteenth Amendment.

42.    JPU was not given prior notice of and the opportunity to be heard on Defendants' decision to only accept accreditation from JRCERT, and the decision to stop accepting training certifications issued by JPU, sufficient to satisfy the due process clause of the Fourteenth Amendment. This is particularly the case given that Defendants made their decision effective immediately, and applicable to New York students who have already been taking classes in the RT Program. Defendants' decision lacked any legal or statutory authority and was illegal, arbitrary, and irrational. Defendants did not offer JPU a hearing, and JPU had no hearing, prior to Defendants' decision to stop accepting training certifications issued by JPU.

43.    JPU has a constitutionally cognizable property interest in its RT Program and NYDOH's and Defendants' continued acceptance of training certifications issued by JPU.

Defendants have infringed on that property interest in an illegal, arbitrary, and irrational way.

44.    As a result of Defendants' actions, JPU is losing and will lose current and prospective students and faculty, other in-state or out-of-state universities accredited by JRCERT will immediately attempt to poach JPU's current and prospective students, other in-state or out-of-state universities accredited by JRCERT will immediately attempt to poach JPU's faculty, the value of JPU's RT degrees will be adversely impacted, JPU's reputation will be adversely affected by suggesting to third parties that JPU provides a poor education even though its RT program is accredited, and JPU's enrollment will decrease such that JPU's resources will be limited.

45.    The only way to remedy this harm is to enjoin Defendants as requested below.

## COUNT TWO
## Fourteenth Amendment Due Process Violation

46.    Plaintiff incorporates the preceding paragraphs as if they were fully set forth herein.

47.    JPU were not given prior notice of and the opportunity to be heard on Defendants' decision to only accept accreditation from JRCERT, and the decision to stop accepting training certifications issued by JPU, sufficient to satisfy the due process clause of the Fourteenth Amendment. This is particularly the case given that Defendants made their decision effective immediately, and applicable to New York students who have already been taking classes in the RT Program. Defendants' decision lacked any legal or statutory authority and was arbitrary and irrational. Defendants did not offer JPU a hearing,

- 16 -

and JPU had no hearing, prior to Defendants' decision to stop accepting training certifications issued by JPU.

48.    JPU has a constitutionally cognizable property interest in its RT Program and in NYDOH's and Defendants' continued acceptance of training certifications issued by JPU. Defendants have infringed on that property interest in an illegal, arbitrary, and irrational way.

49.    As a result of Defendants' actions, JPU is losing and will lose current and prospective students and faculty, other in-state or out-of-state universities accredited by JRCERT will immediately attempt to poach JPU's current and prospective students, other in-state or out-of-state universities accredited by JRCERT will immediately attempt to poach JPU's faculty, the value of JPU's RT degrees will be adversely impacted, JPU's reputation will be adversely affected by suggesting to third parties that JPU provides a poor education even though its RT program is accredited, and JPU's enrollment will decrease such that JPU's resources will be limited.

50.    The only way to remedy this harm is to enjoin Defendants as requested below.

<u>**COUNT THREE**</u>
<u>**Fourteenth Amendment Equal Protection Clause Violation/42 U.S.C. §1983**</u>

51.    Plaintiff incorporates the preceding paragraphs as if they were fully set forth herein.

52.    "Section 1983 is a vehicle for individuals to enforce 'any right . . . secured' by federal law." *Citizens' Coalition for Children v. Poole*, 922 F. 3d 69, 76 (2nd Cir. 2019). That includes rights secured by the United States Constitution.

53.     Defendants have acted under the color of New York state law to deprive JPU of its rights and privileges under the United States Constitution, and specifically, the Equal Protection Clause of the Fourteenth Amendment.

54.     JPU pleads a class-of-one theory. Defendants have intentionally and irrationally treated JPU differently from the Other Schools, who also are not JRCERT accredited but for whom Defendants continue to accept training certifications.

55.     As a result of Defendants' actions, JPU is losing and will lose current and prospective students and faculty, other in-state or out-of-state universities accredited by JRCERT will immediately attempt to poach JPU's current and prospective students, other in-state or out-of-state universities accredited by JRCERT will immediately attempt to poach JPU's faculty, the value of JPU's RT degrees will be adversely impacted, JPU's reputation will be adversely affected by suggesting to third parties that JPU provides a poor education even though its RT program is accredited, and JPU's enrollment will decrease such that JPU's resources will be limited.

56.     The only way to remedy this harm is to enjoin Defendants as requested below.

## COUNT FOUR
### Equal Protection Clause of the Fourteenth Amendment Violation

57.     Plaintiff incorporates the preceding paragraphs as if they were fully set forth herein.

58.     JPU pleads a class-of-one theory.     Defendants have intentionally and irrationally treated JPU differently from the Other Schools, who also are not JRCERT accredited but for whom Defendants continue to accept training certifications.

59.     As a result of Defendants' actions, JPU is losing and will lose current and prospective students and faculty, other in-state or out-of-state universities accredited by JRCERT will immediately attempt to poach JPU's current and prospective students, other in-state or out-of-state universities accredited by JRCERT will immediately attempt to poach JPU's faculty, the value of JPU's RT degrees will be adversely impacted, JPU's reputation will be adversely affected by suggesting to third parties that JPU provides a poor education even though its RT program is accredited, and JPU's enrollment will decrease such that JPU's resources will be limited.

60.     The only way to remedy this harm is to enjoin Defendants as requested below.

**COUNT FIVE**
**Commerce Clause Violation/42 U.S.C. §1983**

61.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs.

62.     "Section 1983 is a vehicle for individuals to enforce 'any right . . . secured' by federal law." *Citizens' Coalition for Children v. Poole*, 922 F. 3d 69, 76 (2nd Cir. 2019). That includes rights secured by the United States Constitution.

63.      Defendants have acted under the color of New York state law to deprive JPU of its rights and privileges under the United States Constitution, and specifically, the Commerce Clause.

64.      State officials violate the Commerce Clause of the United States Constitution if they mandate differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter. Defendants are intentionally and irrationally treating out-of-state schools differently than schools with a physical in-state presence. Defendants' actions, in requiring out-of-state programs to be JRCERT-accredited but not in-state, have placed an undue burden on interstate commerce. Defendants' actions have shut down JPU's RT program in New York, for the benefit of in-state programs who now will poach those students and faculty. Defendants are violating the Commerce Clause because, upon information and belief, Defendants are not requiring radiologic technology programs with a physical presence inside the state of New York to be JRCERT-accredited. Examples of such schools are North County Community College, Nassau Community College, Northeast College of Health Sciences, and LaGuardia Community College.

65.      As a result of Defendants' actions, JPU is losing and will lose current and prospective students and faculty, other in-state or out-of-state universities accredited by JRCERT will immediately attempt to poach JPU's current and prospective students, other in-state or out-of-state universities accredited by JRCERT will immediately attempt to poach JPU's faculty, the value of JPU's RT degrees will be adversely impacted, JPU's reputation will be adversely affected by suggesting to third parties that JPU provides a poor

education even though its RT program is accredited, and JPU's enrollment will decrease such that JPU's resources will be limited.

66.     The only way to remedy this harm is to enjoin Defendants as requested below.


## COUNT SIX
## Commerce Clause Violation

67.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs.

68.     State officials violate the Commerce Clause of the United States Constitution if they mandate differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter.  Defendants are intentionally and irrationally treating out-of-state schools differently than schools with a physical in-state presence. Defendants' actions, in requiring out-of-state programs to be JRCERT-accredited but not in-state, have placed an undue burden on interstate commerce.  Defendants' actions have shut down JPU's RT program in New York, for the benefit of in-state programs who now will poach those students and faculty.  Defendants are violating the Commerce Clause because Defendants are not requiring Radiologic Technology programs with a physical presence inside the state of New York to be JRCERT-accredited.   Examples of such schools are North County Community College, Nassau Community College, Northeast College of Health Sciences, and LaGuardia Community College.

69.     As a result of Defendants' actions, JPU is losing and will lose current and prospective students, other universities accredited by JRCERT will immediately attempt to poach JPU's current and prospective students, other universities accredited by JRCERT will immediately attempt to poach JPU's faculty, the value of JPU's RT degrees will be adversely impacted, JPU's reputation will be adversely affected by suggesting to third parties that JPU provides a poor education even though its RT program is accredited, and JPU's enrollment will decrease such that JPU's resources will be limited.

70.     The only way to remedy this harm is to enjoin Defendants as requested below.

## COUNT SEVEN
## Violation of Takings Clause /42 U.S.C. §1983

71.     JPU incorporates by reference the allegations of the preceding paragraphs.

72.     "Section 1983 is a vehicle for individuals to enforce 'any right . . . secured' by federal law." *Citizens' Coalition for Children v. Poole*, 922 F. 3d 69, 76 (2nd Cir. 2019). That includes rights secured by the United States Constitution.

73.     Defendants have acted under the color of New York state law to deprive JPU of its rights and privileges under the United States Constitution, and specifically, the Takings Clause of the United States Constitution.

74.     The Takings Clause of the Fifth Amendment states that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. Defendants have taken JPU's property interest without just compensation.

75.     JPU has a constitutionally cognizable property interest in its RT Program and in NYDOH's and Defendants' continued acceptance of training certifications issued by

JPU. Defendants have taken that property interest in an illegal, arbitrary, and irrational way.

76.    JPU seeks an injunction because there is no adequate compensation for Defendants' ongoing harm. "It is well accepted that, when the government has taken property for a private, rather than public, use, injunctive or declaratory relief may be appropriate." *Peters v. Village of Clifton*, 493 F. 3d 727, 732 (7th Cir. 2007). Here, Defendants have taken JPU's property for the benefit of the in-state schools in New York – private use. Thus, JPU seeks injunctive relief on its Takings Claim.

77.    As a result of Defendants' actions, JPU is losing and will lose current and prospective students, other universities accredited by JRCERT will immediately attempt to poach JPU's current and prospective students, other universities accredited by JRCERT will immediately attempt to poach JPU's faculty, the value of JPU's RT degrees will be adversely impacted, JPU's reputation will be adversely affected by suggesting to third parties that JPU provides a poor education even though its RT program is accredited, and JPU's enrollment will decrease such that JPU's resources will be limited.

78.    The only way to remedy this harm is to enjoin Defendants as requested below.

**COUNT EIGHT**
**Takings Clause Violation**

79.    JPU incorporates by reference the allegations of the preceding paragraphs.

80.    The Takings Clause of the Fifth Amendment states that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. Defendants have taken JPU's property interest without just compensation.

81.    JPU has a constitutionally cognizable property interest in its RT Program and in NYDOH's and Defendants' continued acceptance of training certifications issued by JPU. Defendants have taken that property interest in an illegal, arbitrary, and irrational way.

82.    JPU seeks an injunction because there is no adequate compensation for Defendants' ongoing harm. "It is well accepted that, when the government has taken property for a private, rather than public, use, injunctive or declaratory relief may be appropriate." *Peters v. Village of Clifton*, 493 F. 3d 727, 732 (7th Cir. 2007). Here, Defendants have taken JPU's property for the benefit of the in-state schools in New York – private use. Thus, JPU seeks injunctive relief on its Takings Claim.

83.    As a result of Defendants' actions, JPU is losing and will lose current and prospective students, other universities accredited by JRCERT will immediately attempt to poach JPU's current and prospective students, other universities accredited by JRCERT will immediately attempt to poach JPU's faculty, the value of JPU's RT degrees will be adversely impacted, JPU's reputation will be adversely affected by suggesting to third parties that JPU provides a poor education even though its RT program is accredited, and JPU's enrollment will decrease such that JPU's resources will be limited.

84.    The only way to remedy this harm is to enjoin Defendants as requested below.

## **PRAYER FOR RELIEF**

WHEREFORE, in light of the foregoing, Plaintiffs pray that this Court issue a temporary restraining order and, following any necessary hearing with respect thereto, enter a preliminary and permanent injunction providing the following relief:

a.    Enjoin Defendants in their official capacities, and anyone working with them or on their behalf, from refusing to accept training certifications from JPU, from prohibiting JPU students from doing their clinical rotations in New York health care facilities, from barring JPU from placing clinical students in the state, and from barring JPU students from becoming licensed Radiology Technicians in New York on the basis that JPU is not JRCERT accredited.

b.    Award Plaintiff its costs and reasonable attorney fees; and

c.    Award any other relief that this court may deem appropriate for any reason.

### **JURY DEMANDED**

Date: June 23, 2025

Respectfully submitted,

*/s/ Carlos A. Ortiz*
Carlos A. Ortiz, Esq. (IL Bar No. #6293505)
**Thompson Coburn LLP**
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
P: 312 580-2238
F: 312 580 2201
cortiz@thompsoncoburn.com

and

Ollie A. "Tres" Cleveland, III
(P*ro Hac Vice Motion forthcoming*)
Anna S. Knouse
(P*ro Hac Vice Motion forthcoming*)
**Thompson Coburn LLP**
2311 Highland Avenue South, Suite 330
Birmingham, AL 35205
P: 205 769-4303
tcleveland@thompsoncoburn.com
aknouse@thompsoncoburn.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of June, I electronically transmitted the foregoing Complaint to the Clerk of Court and provided an electronic copy to the following individuals, to be followed by service on the named parties below:

Charles Burns
charles.burns@health.ny.gov
New York State Department of Health
Bureau of Environmental Radiation Protection
Radioactive Materials Section
ESP, Corning Tower - Room 1245
Albany, New York 12237

Ryan DeOlde
Ryan.deolde@nysed.gov
NY State Department of Education
89 Washington Ave
Albany, New York, 12234

Trevor Thayer
trevor.thayer@health.ny.gov
New York State Department of Health
Bureau of Environmental Radiation Protection
Radioactive Materials Section
ESP, Corning Tower - Room 1245
Albany, New York 12237

Mei Zhou
mei.zhou@ysed.gov
NY State Department of Education
89 Washington Ave
Albany, New York, 12234

*/s/ Carlos A. Ortiz*